1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CURTIS DANE SANDERS,                    No.  2:15-cv-1619 TLN CKD P

12              Petitioner,

13        v.                                 FINDINGS AND RECOMMENDATIONS

14   FELICIA PONCE,

15              Respondent.

16

17        Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2241.  The only remaining claim is that the classification score

19   assigned to petitioner under Federal Bureau of Prisons Program Statement 5100.8 is too low.  A

20   classification score, in part, determines where federal prisoners such as petitioner will be housed.

21   A higher score would allow petitioner to be housed at a lower security level prison.  Respondent

22   has filed a motion to dismiss arguing, among other things, that the court does not have

23   jurisdiction to hear petitioner's claim.  Petitioner has filed an opposition to the motion to dismiss.

24        "According to traditional interpretation, the writ of habeas corpus is limited to attacks

25   upon the legality or duration of confinement."  Crawford v. Bell, 599 F.2d 890, 891 (9th Cir.

26   1979) citing Preiser v. Rodriguez, 411 U.S. 475, 484-86 (1973).  In this instance, petitioner fails

27   to allege anything suggesting that a favorable decision on his habeas petition will result in, at

28   minimum, a shorter sentence.  Therefore, petitioner's claim is not properly brought in a habeas

1

1   action.

2          As the court noted in an order dated September 2, 2015, <u>Hernandez v. Campbell</u>, 204 F.3d

3   861, 864 (9th Cir. 2000) appears to lend support to the proposition that a petition for writ of

4   habeas corpus under 28 U.S.C. § 2241 need not necessarily be directed at the fact or duration of

5   confinement:

6          "Generally, motions to contest the legality of a sentence must be
           filed under [28 U.S.C.] § 2255 in the sentencing court, while
7          petitions that challenge the manner, location, or conditions of a
           sentence's execution must be brought pursuant to § 2241 in the
8          custodial court. <u>See</u> <u>Doganiere v. United States</u>, 914 F.2d 165, 169-
           70 (9th Cir. 1990); <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th
9          Cir. 1980).

10   In <u>Hernandez</u>, the petitioner sought resentencing.  <u>Hernandez</u>, 204 F.3d at 864.  Therefore, any

11  statement made by the court in that case regarding habeas jurisdiction for claims which do not

12  concern the fact or duration of confinement is dicta.  Furthermore, <u>Doganiere</u> and <u>Brown</u> both

13  concern challenges to parole proceedings and there is no language in either suggesting habeas

14  jurisdiction should lie for claims where the fact or duration of confinement is not challenged.

15  Finally, petitioner fails to point to a federal case where a prisoner was permitted to challenge his

16  Federal Bureau of Prisons Program Statement 5100.8 classification score in order to obtain a

17  transfer to a lower security prison through a petition for writ of habeas corpus.

18          The court notes that in his opposition to respondent's motion to dismiss, petitioner

19  seemingly withdraws any request that he be transferred to a lower security prison.  Instead,

20  petitioner asks that "his points be corrected in accordance with the law . . ."  ECF No. 24 at 7.

21  Whether it is a transfer that petitioner ultimately seeks, or just a modification of his classification

22  score, petitioner fails to establish any injury which is actionable in a habeas proceeding.

23          Finally, as respondent points out, the Supreme Court has specifically found that Congress

24  has given federal prison officials full discretion with respect to classification of prisoners and

25  prisoners have no statutory or Constitutional entitlement to invoke the protections of the Due

26  Process Clause of the Fourteenth Amendment with respect to classification decisions.  <u>Moody v.</u>

27  <u>Dagget</u>, 429 U.S. 78, 88 n.9 (1976).  Therefore, even if the court had jurisdiction to consider

28  petitioner's claim regarding his classification score, petitioner has no basis for relief.

2

1    For all the foregoing reasons, IT IS HEREBY RECOMMENDED that:

2    1.  Respondent's motion to dismiss (ECF No. 23) be granted;

3    2.  Petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 be

4    dismissed; and

5    3.  This case be closed.

6    These findings and recommendations are submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8    after being served with these findings and recommendations, any party may file written

9    objections with the court and serve a copy on all parties.  Such a document should be captioned

10   "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

11   may address whether a certificate of appealability should issue in the event he files an appeal of

12   the judgment in this case.  See 28 U.S.C. § 2253.  Any response to the objections shall be served

13   and filed within fourteen days after service of the objections.  The parties are advised that failure

14   to file objections within the specified time may waive the right to appeal the District Court's

15   order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16   Dated:  July 13, 2016

17   _Carolyn K. Delaney_

18   CAROLYN K. DELANEY
     UNITED STATES MAGISTRATE JUDGE

19

20

21   1
     sand1619.2241
22

23

24

25

26

27

28

3